IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARY MARGARET LORING,**<br><br>        Plaintiff<br><br>    v.<br><br>**MICHAEL J. ASTRUE**, Commissioner of Social Security,<br>                  Defendant. | Case No.: 6:10-cv-06273-SI<br><br>OPINION AND ORDER |

KATHRYN TASSINARI
Drew L. Johnson P.C.
Harder, Wells, Baron & Manning P.C.
474 Willamette, Suite 200
Eugene, OR 97401

    Of Attorneys for Plaintiff

AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

KATHRYN A. MILLER
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Of Attorneys for Defendant

**SIMON, District Judge**,

On October 11, 2007, Plaintiff Mary Margaret Loring ("Ms. Loring") applied for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner of the Social Security Administration ("Commissioner") denied her applications and Ms. Loring filed a complaint in this court. On September 16, 2011, the court issued an Opinion and Order, Dkt. #18 ("opinion"), reversing the Commissioner's decision and remanding the case for payment of benefits.

The Commissioner now moves to alter or amend the court's judgment pursuant to Fed. R. Civ. P. ("Rule") 59(e). The Commissioner contends that the court committed clear error by applying an incorrect standard when evaluating the Commissioner's determination that Ms. Loring's testimony concerning the intensity, persistence, and limiting effect of her pain was not credible. The Commissioner also contends that the court improperly applied the "credit-as-true rule" to order payment of benefits. The court has reviewed its decision and the Ninth Circuit's precedent. The court concludes that it correctly evaluated the Commissioner's credibility findings and properly applied the "credit-as-true rule." The court, therefore, DENIES the Commissioner's motion.

The court does find, however, that the Commissioner is correct that on page 14 of its opinion the court incorrectly used the word "arguments" when the word "findings" more accurately conveys its meaning. Pursuant to Rule 60(a), the court corrects its opinion to substitute the word "findings" for "arguments," as explained in the Conclusion, below.

## STANDARDS

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The court "has considerable discretion when

considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *McDowell v. Calderon*,197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed.1995)).

In general, "there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The Commissioner contends that the court's judgment falls into the first category because it is based on "clear error." Def.'s Memorandum, Dkt. #21 ("Def.'s Mem") at 2.

## DISCUSSION

The Commissioner contends that the court committed two errors: (1) the court applied incorrect standards for reviewing the Commissioner's credibility findings; and (2) the court incorrectly applied the "credit-as-true rule" to award benefits. The court disagrees. Its opinion correctly stated and applied Ninth Circuit precedent.

### A. Credibility Findings

In its opinion, the court concluded that the Administrative Law Judge ("ALJ") failed to provide specific, clear, and convincing reasons to discredit the testimony of the claimant, Mary Margaret Loring ("Ms. Loring"). Opinion at 12-15. The Commissioner argues that the court committed clear error because the ALJ provided specific, clear, and convincing reasons to

considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed.1995)).

In general, "there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The Commissioner contends that the court's judgment falls into the first category because it is based on "clear error." Def.'s Memorandum, Dkt. #21 ("Def.'s Mem") at 2.

## DISCUSSION

The Commissioner contends that the court committed two errors: (1) the court applied incorrect standards for reviewing the Commissioner's credibility findings; and (2) the court incorrectly applied the "credit-as-true rule" to award benefits. The court disagrees. Its opinion correctly stated and applied Ninth Circuit precedent.

**A.     Credibility Findings**

In its opinion, the court concluded that the Administrative Law Judge ("ALJ") failed to provide specific, clear, and convincing reasons to discredit the testimony of the claimant, Mary Margaret Loring ("Ms. Loring"). Opinion at 12-15. The Commissioner argues that the court committed clear error because the ALJ provided specific, clear, and convincing reasons to

discredit Ms. Loring's testimony: The "ALJ pointed to evidence showing [Ms. Loring] had normal or unremarkable findings on examination, including full strength; a normal gait, tone and strength; and a medical opinion from [a] neurosurgeon . . . recommending against surgical intervention." Def.'s Mem. at 2-3. According to the Commissioner, the ALJ used this evidence to discredit Ms. Loring.

The Commissioner is correct that the ALJ summarized much of the medical evidence of record in his written decision. The ALJ's error, however, did not lay in failing to state the evidence. The ALJ erred in failing to *apply* the evidence to an analysis of Ms. Loring's credibility. To illustrate this important distinction, it is worth quoting at length from the ALJ's decision. The Commissioner argues that the ALJ discredited Ms. Loring in part in the following paragraphs:

> In terms of the claimant's alleged back pain and left leg symptoms, the evidence of record fails to establish limitations that would keep the claimant from performing full time work within the parameters of the residual functional capacity. The claimant testified at hearing that she could perform sitting, standing and walking as stated in the residual functional capacity but on certain days would be unable to go to work due to exacerbations of pain. While former primary care provider Terry James, FNP, noted muscle strength of "3" and "mild" atrophy, it is unclear what this was based on or referring to. . . . Because specific measurements are not included and because later exams found full strength and did not note any atrophy these findings are given little weight. . . .
>
> The claimant has consistently demonstrated reduced range of motion. . . . She was not seen for a consultant by a neurosurgeon until nearly two years after her initial complaints in May of 2009. . . . At that time the claimant reported to Andrew Kokkino, M.D., low back and left leg pain and numbness. [Ms. Loring] described pain on bending, standing and squatting, and stated that the pain was at an eight out of 10 on average and nine out of 10 at its worst. The claimant described exercising three to four times a week by walking. On examination her gait was normal, as was tone and strength. . . . On review of the recent MRI, Dr. Kokkino commented that the claimant did "not have a prominent anatomic structure on the left side to account for" her complaints. He felt she did not need surgical intervention but should pursue chronic pain management. . . . Tr. 20.

Page 4 – OPINION AND ORDER

Although the ALJ thoroughly discussed a great deal of medical evidence in these paragraphs, he did not use that evidence to analyze the credibility of Ms. Loring's testimony. For example, as the Commissioner states, the ALJ noted that "exams found full [muscle] strength." The ALJ, however, did not explain why those exams contradict, diminish, or discredit Ms. Loring's testimony. In addition, the Commissioner is correct that the ALJ noted that "[o]n examination her gait was normal, as was tone and strength." Again, however, the ALJ did not use that evidence to demonstrate that Ms. Loring's testimony was unreliable. Finally, the ALJ noted that Dr. Kokkino "felt that [Ms. Loring] did not need surgical intervention." The ALJ did not explain, however, why Dr. Kokkino's opinion called into question any of Ms. Loring's testimony. In each example, the ALJ merely recited a piece of evidence.

The Ninth Circuit's case law and the Commissioner's Social Security Rulings require more than recitation of evidence. The ALJ must provide specific reasons why a claimant's testimony is not credible. Social Security Ruling ("SSR") 96-7p makes plain that the ALJ's "decision must contain specific reasons for the finding on credibility":

> The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." . . . The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.
> SSR 96-7p.

The Ninth Circuit has repeatedly echoed this Ruling. It has held that "[g]eneral [credibility] findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir.1999) ("If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the

Page 5 – OPINION AND ORDER

ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive.").

The ALJ failed to meet these standards. He did not identify what parts of Ms. Loring's testimony were not credible, nor did he explain how the evidence undermined her testimony. Moreover, he failed to cite any reasons why her testimony was unpersuasive. The Commissioner is correct that the ALJ's decision recited the evidence. The ALJ did not, however, provide *reasons* why that evidence discredited Ms. Loring's testimony.

The Commissioner also faults the court's finding that the ALJ erred in failing to "specifically identify what portions of Ms. Loring's testimony," Opinion at 13, he found less than credible. Def's Mem. at 3. The Commissioner argues that "Ninth Circuit authority does not require this level of specificity." Def's Mem. at 3. Instead, the Commissioner contends, citing *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), that the court may draw inferences from the ALJ's opinion. The Commissioner, however, overlooks clear, repeated, and unambiguous Ninth Circuit precedent stating that "the ALJ must *specifically identify* the testimony she or he finds not to be credible[.]" *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added); *see also Lester*, 81 F.3d at 834 ("the ALJ must identify what testimony is not credible"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (same); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (same). As the court stated in its opinion, the ALJ failed to identify what portions of Ms. Loring's testimony it found unreliable. Under this circuit's precedent, that failure is error.

The court does not disagree that it may draw inferences from the ALJ's decision. Nor is the court saying that an ALJ must "recite the magic words" to render a decision. *Magallanes*, 881 F.2d at 755. The ALJ must, however, "make a credibility determination with findings

sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). For the reasons set forth in both the court's opinion and above, the ALJ's decision does not meet this standard.

Finally, the Commissioner takes issue with a sentence found on page 14 of the court's opinion: "Furthermore, even if the ALJ had made the arguments the Commissioner suggests, they do not constitute substantial evidence sufficient to discredit Ms. Loring's testimony." The Commissioner argues that "the ALJ does not make arguments" and, therefore, this sentence must be erroneous. Def.'s Mem. at 3. The court agrees that the word "arguments" is incorrect. The word "findings" would have more properly captured the court's meaning. The court's error, however, does not change its conclusion. The court, therefore, pursuant to Rule 60(a), substitutes the word "findings" for the word "arguments," as set forth in the Conclusion, below.

## B.    Credit-as-True Rule

The Commissioner also argues that the court incorrectly applied the "credit-as-true" rule by conducting a "truncated" analysis that focused only on evidence that "corroborated Plaintiff's testimony." Def.'s Mem. at 5. The Commissioner contends that to order an award of benefits, the court "may not view the improperly rejected evidence in isolation." Def's Mem. at 4.

In its opinion, the court set forth the Ninth Circuit's three-step test for determining whether an award of benefits is appropriate, and analyzed each step.[1] Opinion at 15-17; *see*

---

[1] The Commissioner contends that *Strauss v. Comm'r*, 635 F.3d 1135 (9th Cir. 2011), establishes that the court "may not move from a finding of ALJ error 'directly to an order requiring the payment of benefits without the intermediate step of analyzing whether, in fact, the claimant is disabled.'" Def.'s Mem. at 5 (quoting *Strauss*, 635 F.3d at 1138). The court agrees; that is why the Ninth Circuit has established the three-part test. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399-1401 (9th Cir. 1988) (establishing "credit-as-true" rule and discussing when immediate award of benefits is appropriate). *Strauss* does not change the three-step test discussed in *Smolen* and *Moisa*. In fact, *Strauss* did not involve the application of the

Page 7 – OPINION AND ORDER

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (stating and applying three-step test); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (applying three-step test to award benefits). At steps two and three of the test, the court considered evidence of Ms. Loring's disability other than her improperly discredited testimony. The court explained that

> Medical evidence, including reports from two doctors and the results of two MRIs and an x-ray, established the existence of impairments that could reasonably be expected to cause pain. Ms. Loring consistently reported chronic pain, located in the same areas, for nearly four years. Lay testimony from her boyfriend and sister-in-law established that Ms. Loring's pain significantly limits her daily activities, such as standing, sitting, sleeping, and household chores. She takes, or has taken, under the supervision of three separate nurse practitioners, a large quantity of pain medication. Opinion at 16.

The Commissioner does not dispute this evidence; nor does the Commissioner explain what other evidence the court overlooked. As its opinion makes plain, the court decided, after reviewing all of the evidence of record, and applying the Ninth Circuit's three-step test, that an immediate award of benefits was appropriate. Although the Commissioner disagrees with the court's decision, that disagreement alone is insufficient to invoke the "extraordinary remedy" of a Rule 59(e) motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

"credit-as-true" rule. *See* 635 F.3d at 1138 ("The [district] court did not credit as true any evidence that the ALJ had improperly excluded or discounted.").

Page 8 – OPINION AND ORDER

## CONCLUSION

The court **DENIES** the Commissioner's motion to alter or amend the judgment. Dkt. #20.

Pursuant to Rule 60(a), however, the court **ORDERS** that the sentence reading "Furthermore, even if the ALJ had made the arguments the Commissioner suggests, they do not constitute substantial evidence sufficient to discredit Ms. Loring's testimony," on page 14 of its opinion, Dkt. #18, is amended to read: "Furthermore, even if the ALJ had made the findings the Commissioner suggests, they do not constitute substantial evidence sufficient to discredit Ms. Loring's testimony."

IT IS SO ORDERED.

Dated this 23rd day of December, 2011

	Michael H. Simon
	United States District Judge