# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MARY MARGARET LORING,** | Case No.: 6:10-cv-06273-SI |
| Plaintiff | |
| v. | OPINION AND ORDER |
| **MICHAEL J. ASTRUE**, Commissioner of Social Security, | |
| Defendant. | |

Drew L. Johnson
Kathryn Tassinari
DREW L. JOHNSON P.C.
474 Willamette, Suite 200
Eugene, OR 97401

      Of Attorneys for Plaintiff

Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Kathryn A. Miller
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

      Of Attorneys for Defendant

**SIMON, District Judge**.

On October 11, 2007, Plaintiff Mary Margaret Loring ("Plaintiff") applied for Social Security Disability Insurance Benefits and Supplemental Security Income. The Commissioner of the Social Security Administration ("Commissioner") denied her applications and Plaintiff filed a complaint in this court. On September 16, 2011, the court issued an Opinion and Order, Dkt. 18 ("opinion"), reversing the Commissioner's decision and remanding the case for payment of benefits. The court found that "the [Administrative Law Judge ("ALJ")] erred in discrediting [Plaintiff's] testimony." Opinion at 15. The Commissioner moved to alter or amend the court's judgment pursuant to Fed. R. Civ. P. ("Rule") 59(e). Dkt. 20. The Commissioner argued that the ALJ had correctly analyzed Plaintiff's credibility and the court had clearly erred in finding otherwise. The court denied the Commissioner's motion. Dkt. 25.

The matter now before the court is Plaintiff's motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 26. The Commissioner responds that the motion should be denied because the government's position was substantially justified. Dkt. 28.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States absent a showing by the government that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir.1995). The decision to deny EAJA attorney fees is discretionary with the district court. *Id.* at 567; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.2002).

The failure of a government position to prevail does not establish a presumption that the position itself was unreasonable. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988)

Page 2 – OPINION AND ORDER

("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). For purposes of determining whether the government's position was substantially justified, the court applies a reasonableness standard. *Flores*, 49 F.3d at 570. The government must demonstrate that its position had a reasonable basis in both law and fact. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The reasonableness standard is met if the Commissioner's position is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Kali*, 854 F.2d at 332.

In his opposition to Plaintiff's request for fees under the EAJA, the Commissioner contends that the "ALJ's evaluation of Plaintiff's credibility was substantially justified." Dkt. 28 at 4. As this court explained in both its original order and opinion, Dkt. 18, and its order and opinion denying the Commissioner's motion to alter or amend its judgment, Dkt. 25, however, the ALJ failed to follow both Social Security Administration Rulings and Ninth Circuit case law regarding the analysis of a claimant's credibility. The ALJ summarized the evidence in the record, but "erred in failing to *apply* the evidence to an analysis of [Plaintiff's] credibility." Dkt. 25 at 4 (emphasis in original). As this court explained:

> The Ninth Circuit's case law and the Commissioner's Social Security Rulings require more than recitation of evidence. The ALJ must provide specific reasons why a claimant's testimony is not credible. Social Security Ruling . . . 96-7p makes plain that the ALJ's "decision must contain specific reasons for the finding on credibility[.]" . . . The Ninth Circuit has repeatedly echoed this Ruling. It has held that "[g]eneral [credibility] findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir.1999) ("If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive.").

The ALJ failed to meet these standards. He did not identify what parts of Ms. Loring's testimony were not credible, nor did he explain how the evidence undermined her testimony. Moreover, he failed to cite any reasons why her testimony was unpersuasive. The Commissioner is correct that the ALJ's decision recited the evidence. The ALJ did not, however, provide *reasons* why that evidence discredited Ms. Loring's testimony. Dkt. 25 at 5-6.

The Commissioner's position was not substantially justified because the ALJ failed to follow these well-established guidelines.

The Commissioner also argues that its "position was substantially justified . . . because there is conflicting circuit authority on . . . the degree of specificity required in an ALJ decision." Dkt. 28 at 5. The Commissioner acknowledges Ninth Circuit precedent requiring an ALJ to specifically identify what testimony the ALJ finds not credible, but argues, quoting *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), that an ALJ is not required to "cite 'magic words' in the administrative decision." The court disagrees that there is "conflicting circuit authority on" the degree of specificity required in an ALJ's decision. Ninth Circuit precedent does not and has never required an ALJ to recite "magic words." *Id.* ("our cases do not require such an incantation"). As this court explained, however, "clear, repeated, and unambiguous Ninth Circuit precedent" requires the ALJ to identify what portions of the claimant's testimony are not credible and provide specific, clear and convincing reasons for rejecting that testimony. Dkt. 25 at 6 (citing cases). The ALJ did not identify what portions of Plaintiff's testimony he found not credible. *See* Dkt. 18 at 13; Dkt. 25 at 4-7. Moreover, while the ALJ ably recited the evidence in the record, the ALJ did not compare that evidence to Plaintiff's testimony. A "reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (*en banc*). The court concludes that the Commissioner's position was not substantially justified because the ALJ failed to follow well-established and unambiguous precedent, as fully explained in the

court's original order and opinion, Dkt. 18, and the court's order and opinion denying the

Commissioner's motion to alter or amend its judgment, Dkt. 25.

## CONCLUSION

Plaintiff's request for attorney fees under the EAJA, Dkt. 26, is **GRANTED**.

IT IS SO ORDERED.

Dated this 7th day of May, 2012.

Michael H. Simon
United States District Judge